UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

GLENN RICHARDSON,

                            Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and  POLICE OFFICER
Anthony Patti, Tax No. Tax No. 973655, and POLICE
OFFICER Raymond V. Persaud, Tax No. 943675, and
POLICE OFFICERS JOHN DOES NUMBERS ONE
THROUGH TEN Tax No. Unknown,

                               Defendants.

------------------------------------------------------------------- X

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

        Plaintiff GLENN RICHARDSON, by his attorneys, The Law Office of Craig Dietsch, as and for his Verified Complaint herein, alleges upon information and belief as follows:

# PRELIMINARY STATEMENT

        1.      This is a civil rights action to recover money damages arising out of the defendant's violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the New York State Constitution,  and the common law and the laws of the United State, and New York State. To redress the deprivation under color of law of the Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States. Plaintiff seeks monetary damages to redress and remedy the deprivations of his constitutional rights. Plaintiff seeks an award of attorney's fees and costs under 42 U.S.C. Section 1988 and under any other laws that may apply. It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of the Plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of the Plaintiff, falsely arrested them,  imprisoned him, and it is further alleged that these violations and torts were committed as a result of the policies, practices, and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

        2.      On August, 20, 2022, at approximately 10:00 a.m., Plaintiff GLENN RICHARDSON, while lawfully in the vicinity of Linden Boulevard and 165th Street, County of

Queens, New York, was subject to an unlawful arrest, detention, and excessive use of force by defendant Police Officers. In addition, Plaintiff was subjected to four (4) hours in unlawful custody by officers of the NYPD 113th Precinct. The Unlicensed General Vendor and Unlawful Possession of Controlled Substance charges made against Plaintiff were dismissed on or around September 17, 2022, when the Queens County District Attorney declined to prosecute as Plaintiff committed no crime. Plaintiff was deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 − 802 and his constitutional, common law, and statutory rights when the individual defendants unlawfully stopped, detained, subjected to excessive force, and passed along false accusations to prosecuting attorneys about Plaintiff, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the common law and the laws of the State of New York.

## JURISDICTION - VENUE - CONDITIONS PRECEDENT

3.      This action is brought under 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States.

4.      Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims according to 28 U.S.C. § 1367. The claims asserted herein arise under 18 U.S.C. § 1962.

6.      All of the actions, omissions, and events complained of took place within the County of Queens, City, and State of New York, and within the venue of this court as per 28 U.S.C. § 1391(b).

7.      Plaintiff in furtherance of his causes of action brought under New York State law filed a timely Notice of Claim against the City of New York in compliance with the Municipal Law Section 50 and in accordance with New York State law.

8.      Under New York State law and General Municipal Law Section 50, the Plaintiff testified at a hearing held according to General Municipal Law Section 50-H on December 22, 2022.

9.      More than thirty (30) days have elapsed since the service of said Notice of Claim was filed and the City of New York has failed to pay or adjust the claims.

10.     This action falls within one or more of the exceptions as outlined in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

11.     The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

# PARTIES

12. Plaintiff GLENN RICHARDSON is a citizen of the United States and a resident of New York State.

13. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and under the laws of the State of New York, and under the law is capable of suing and being sued in this court.

14. At all times hereinafter mentioned the NEW YORK CITY POLICE DEPARTMENT (Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of THE CITY.

15. Upon information and belief, NYPD is a division of THE CITY organized

16. and existing under and under the laws of THE CITY and the State of New York.

17. Defendant THE CITY is responsible for the policies, practices, and customs of NYPD.

18. Defendant THE CITY is responsible for the hiring training, supervision, retention, control, and discipline of NYPD and its officers.

19. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

20. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

21. NYPD is responsible for the policies, practices, and customs of NYPD.

22. NYPD is responsible for the hiring training, supervision, retention, control, and discipline of NYPD and their officers.

23. NYPD is and was the employer of the personnel named herein as individual defendants.

24. NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

25.     THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy-making officials represent also the policies, practices, and customs of THE CITY.

26.     THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct conform with constitutional requisites.

27.     THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

28.     New York City Police Officers Anthony Patti, Tax No. Tax No. 973655, Raymond V. Persaud, Tx No. 943675, and Police Officers John Does #1-10 Tax No. Unknown ("Defendant Police Officers"), are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

29.     Defendant Police Officers are being sued in their individual and official capacities.

30.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

31.     At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom, or usage, and under their official authority. All of the actions were done intentionally.

## STATEMENT OF FACTS

32.     On September 20, 2022, at approximately 10:00 a.m., Plaintiff was present in the vicinity of Linden Boulevard and 165th Street, County of Queens, New York, when the defendant Police Officers unlawfully arrested Plaintiff without probable cause or legal justification.

33.     Plaintiff was inside his employer's vehicle as it was lawfully parked with the engine off at the aforementioned place and time when Defendant Officers approached the vehicle in three separate marked patrol vehicles.

34.     The Defendant Officers wearing bulletproof vests approached Plaintiff as he was seated in the front seat of the vehicle and began to question Plaintiff as to the vehicle and inquired if the vehicle was licensed.

35.     Plaintiff promptly got up out of the vehicle's front seat and opened the door providing the Defendant Officers with all of the documentation related to the vehicle, its contents, and his employer's Cannabinoid Hemp business all of which were issued by the agencies of New York State.

36.     The Defendant Officers took the paperwork from Plaintiff,  reviewed it, and then ordered Plaintiff to out of his employer's vehicle so that they could search the vehicle.

37.     Plaintiff told the Defendant Officers that he would not exit the vehicle and that he would not consent to search of it as his employee who is a New York State Licensed Attorney told him that no one is to go on the bus other than him without his approval.

38.     The Plaintiff called his employer to inform him of what was going on.

39.     Plaintiff requested that the Defendant Officers wait for Plaintiff's employer to arrive as he was advised that he a short distance away and was en route to the location.

40.     One of the Defendant Officers then forcefully grabbed the Plaintiff by the arm pulled him off the vehicle and slammed the Plaintiff against the wall in front of his employer's vehicle as members of the public were looking on.

41.     As Plaintiff was up against the wall Defendant Officers without permission, or just cause entered Plaintiff's employer's vehicle and began searching the vehicle and its contents.

42.     Soon after the Defendant Officers began to arrest the Plaintiff, restraining him with metal handcuffs and subjecting him to an unlawful pat-down search.

43.     At no time relevant herein did Plaintiff commit a crime or violate the law in any way, nor did the Defendant Police Officers have an objective reason to accuse Plaintiff of committing a crime or violating the law in any way.

44.     At no point did Defendant Officers recover any illegal drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff or from a location that was in Plaintiff's possession, custody, or control.

45.     The Plaintiff did not resist arrest.

46.     Nevertheless, Plaintiff was unlawfully arrested and handcuffed by the Defendant Officers without legal justification or probable cause.

47.     Defendant Officers then placed Plaintiff into a police vehicle just as his employer arrived at the scene. The Plaintiff's employer attempted to talk with the Defendant Police Officers and inquired if his employee had shown the Defendant Police Officers all of the documents related to his cannabinoid hemp business including the licenses from the New York State Office of Cannabis Management. The Defendant officer acknowledged that Plaintiff did, but the Defendant Officer opined wrongfully that such licensee and documents were fake and ordered that Plaintiff be arrested for the vehicle to be seized.

48.     The Plaintiff was then transported to the 113th Precinct where he was searched and ordered to remove his shoes, socks, belt, shoelaces, and other personal property.

49.     The Plaintiff was then placed in a holding cell for about two and a half hours and then released with two desk appearance tickets.

50.     Thereafter, upon information and belief, the Defendant Police Officers provided the Queens County District Attorney's Office with false, misleading, and/or incomplete information that Plaintiff committed a crime.

51.     Before the plaintiff was to show up for his arraignment on or about September 17, 2022, he and his attorney learned that the charges against him had been dismissed when the Queens County District Attorney had declined to prosecute, since Plaintiff committed <u>no crime</u>.

52.     The Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

53.     At no time during the events described above was the Plaintiff intoxicated, incapacitated disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

54.     The Defendants had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to perform an unconstitutional search and seize the person of the plaintiff.

55.     The Defendants did not search under a valid arrest warrant.

56.     Defendants did not present a copy of a warrant to Plaintiff.

57.     If a warrant was in the Defendant Officers' possession, they did not execute it in a manner or at a time authorized by the warrant.

58.     Upon information and belief, Plaintiff was not listed as or described as a suspect or target on any warrant or application for any warrant.

59.     As a result of the foregoing plaintiff suffered mental anguish, shock, fright,

60.     apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

61.     At all times during the events described above, the Defendant Police Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

62.     All of the above acts were done both individually and in concert and intentionally while acting under the color of law and in the scope of employment with THE CITY

and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

63.     THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force, interpretation of the law (particularly NYS Penal Law article §§222 et. seq), and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

64.     If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, the same was not enforced.

65.     On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

66.     On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, discourage their unlawful use of authority, or terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them concerning the constitutional rights of citizens.

67.     On information and belief, THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

68.     Upon information and belief, Some of the Defendant Police Officers observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

69.     The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused the Plaintiff to sustain physical, psychological, and emotional trauma.

## FEDERAL CAUSES OF ACTION

### COUNT I

### 42 U.S.C. Section 1983 Against Individual Defendants

70.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

71.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants DETECTIVE JAMES WHITE, and OFFICER CLAUDIO VELEZ, Shield No. 4509., Tax No.: 934358, and OFFICERS CALVIN BLACK, Tax No.: 948676, JASON VALENTINO, Tax No.: 934233, "JOHN" ORTIZ, Tax No.: 942299, SGT. LETTY DONLEY, Tax No. Unknown, RAY FULLER, Tax No. Unknown, SGT JESSE HERNANDEZ, Tax No. Unknown, VINCENT TROZZI, Tax No.: 935878, MICHAEL BOPP, Tax No.: 928749, for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

### COUNT II

### 42 U.S.C. Section 1983 Against The City

72.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

73.     Before August 20, 2022, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of the Plaintiff's rights.

74.     It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

75.     It was the custom and policy of THE CITY and the NYPD to inadequately supervise train, retain, and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

76.     As a result of the above-described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

77.     The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of Plaintiff's rights alleged herein.

78.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III

### Unlawful Stop, Question, And Search

79.     Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

80.     The illegal approach, pursuit, stop, and grab employed by the Officer Defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

81.     The conduct of the Officer Defendants in approaching, stopping, and grabbing Plaintiff was performed under the color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

82.     As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

83.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by THE CITY of NYPD, which is therefore responsible for their conduct.

84.     The CITY, as the employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## COUNT IV

### False Arrest And Imprisonment

85.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

86.     .The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs above, and thereby confined the plaintiff without privilege.

87.     The confinement aforesaid was without probable cause or privilege.

88.     The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically, those actions delineated in paragraphs above and thereby confined the plaintiff without privilege.

89.     The individual defendants were careless, reckless, and negligent in that they did not stop or restrain their fellow officers from confining the Plaintiff.

90.     As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

### COUNT V
### Violation of Fourth And Fourteenth Amendment Rights:
### Denial of Right to Fair Trial/Due Process

91.     Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

92.     Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the Queens County District Attorney's Office.

93.     Defendants filled out false and misleading police reports and forwarded them to prosecutors in the Queens County District Attorney's Office.

94.     Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the Queens County District Attorney's Office.

95.     In withholding/creating false evidence against Plaintiff, and in providing/withholding information with respect thereto, Defendants violated Plaintiff's constitutional right to due process and fair trial under the New York State Constitution and the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

96.     As a result of the foregoing, Plaintiff sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

97.     Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by THE CITY and the NYPD, which are therefore responsible for their conduct.

98.     The CITY, as the employer of the officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

99. As a result of the aforementioned conduct of Defendants, Plaintiff sustained injuries including, but not limited to economic, emotional, and psychological injuries.

100. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

<u>**COUNT VI**</u>
<u>**Excessive Force**</u>

101. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

102. The use of excessive force by the Officer Defendants by, amongst other things, seizing and tightly handcuffing him with guns drawn, constituted objectively unreasonable physical seizures of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

103. Officer Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

104. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

<u>**STATE AND COMMON CAUSES OF ACTION**</u>
<u>**COUNT VII**</u>
<u>**Negligence**</u>

105. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

106. Defendants owed a duty of care to Plaintiff.

107. To the extent Defendants claim that the injuries to Plaintiff by the Defendant Police Officers were unintentionally caused and that the force used by the Defendants against him was intentional, then the Defendants breached that duty of care by, among other things, seizing and tightly handcuffing Plaintiff with their guns drawn.

108. As a direct and proximate result of such acts, the Defendants deprived Plaintiff of his rights under the laws of the State of New York.

109. All of the foregoing occurred without any fault or provocation by Plaintiff.

110. Defendants were at all times agents, servants, and employees acting within the scope of their employment by THE CITY and the NYPD, which are therefore responsible for their conduct.

111. THE CITY, as the employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

112. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

113. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## <u>COUNT VIII</u>
### <u>Negligent Infliction Of Emotional Distress</u>

114. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

115. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

116. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed to Plaintiff by the laws and Constitution of the State of New York.

117.     As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

118.     Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by THE CITY and the NYPD, which are therefore responsible for their conduct.

119.     THE CITY, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.     As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

121.     As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IX
### Negligent Hiring, Retention, Training, And Supervision

122.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

123.     The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

124.     As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

125.     As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT X
### Failure to Intervene

126.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

127.     The Officer Defendants who did not physically touch Plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

128.     The Officer Defendants failed to intervene to prevent the unlawful conduct described herein.

129.     As a result of the foregoing, Plaintiff suffered serious, debilitating, and permanent injury, his liberty was restricted for an extended period, he was put in fear for his safety, and he was humiliated and subject to other physical constraints.

130.     As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the United States and the New York State.

131.     The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY  and the NYPD, which are therefore responsible for their conduct.

132.     The CITY, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

133.     As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT XI

**Individual Defendant Officer's Violation of Plaintiff's AC 8-802 Rights**

134.     Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

135. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

136. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

137. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched Plaintiff, before detaining the plaintiff and further causing his detention for approximately six (6) hours in total.

138. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## COUNT XII
### Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights

139. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

140. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

141. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

142. The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

143. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

144. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

145. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT XIII
### THE CITY's Liability for Defendant Officer's Violation of Plaintiff's AC 8-802 Rights

146. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

147. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

148. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

149. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

150. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

151. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched Plaintiff, before detaining the plaintiff and further causing his detention for approximately four () hours in total.

152. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

153. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT XIV
### THE CITY's Liability for Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights

154. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

155. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

156. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

157. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

158. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

159. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

160. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

161. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## COUNT XV

### Violation of Article I, § 12 of the New York State Constitution

162. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

163. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

    i. freedom from unreasonable search and seizure of his person and property;

    ii. freedom from arrest without probable cause;

    iii. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

    iv. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    v. freedom from deprivation of liberty without due process of law.

164. As a direct and proximate result of the defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic, and emotional injuries, as well as a deprivation of liberty.

165. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

166. As a result of the above unconstitutional conduct, THE CITY is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

167. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered emotional distress, in an amount to be determined by a jury after due trial.

## JURY DEMAND

168. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

# **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)

b. Award the costs of this action to the plaintiff.

c. Award reasonable attorney's fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)

e. Award such other and further relief as this Court may deem appropriate.

Dated: Brooklyn, New York
      November 19, 2023

                  By: s/Craig Dietsch
                      Craig Dietsch (N.Y. Bar No. 4351979)
                      The Law Office of Craig Dietsch
                      511 6th Avenue, Ground Floor Office
                      Brooklyn, New York 11215
                      Telephone: (347) 641-9916
                      Email: Dietschlegal@gmailcom
                      *Attorneys for Plaintiff*

TO:    THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007